**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 11, 2025

By ECF

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
for the Second Circuit
The Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: United States v. Shannon Dozier
Docket No. 24-2453

Dear Ms. Wolfe:

The government respectfully submits this letter in response to Shannon Dozier's September 10, 2025 letter regarding the government's citation to *Scott v. Harris*, 550 U.S. 372 (2007), during oral argument on September 9, 2025.

Dozier characterizes *Scott* as a "new authority cited" by the government, such that the government's reference to and reliance on the case was "forfeited," "waived," or "abandoned" (Dkt. 33 at 1). In fact, though, in the government's opening brief *Scott* is cited at pages 29 to 30, in the discussion of the district court's clear error. In particular, the government argued that the district court's finding was clear error given "the conclusive video footage," and cited *United States v. Bershchansky*, 788 F.3d 102 (2d Cir. 2015), for the proposition that this Court reviews a district court's findings of fact for clear error without viewing the evidence in favor of either party, as well as *Scott*, for the proposition that clear video evidence can overcome the rule of drawing all inferences in favor of a plaintiff at the summary judgment stage of a qualified immunity case. (Gov't Br. 29-30).

The government's citation to *Scott* at the oral argument in support of the Court reviewing the body camera footage without deference to the district court (Oral Arg. at 38:10-38:50) was not an argument against this Court's application of the clear-error standard, which the government included in its standard of review (Gov't Br. 23-24). Rather, it was a response to the Court's inquiry into how the presence of clear video evidence can or should impact appellate review. In *Scott*, the Supreme Court found that a videotape in the record "quite clearly contradicts the version of the story . . . adopted by the Court of Appeals." *Scott*, 550 U.S. at 379-80. The Supreme Court concluded that "[w]hen opposing parties tell two different stories, one of which is

blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment," and "[t]he Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape." *Id.* at 380-81. *Scott* does not upend the standard on summary judgment, but instead adds a nuance to how courts should review such motions when presented with clear video evidence. That is precisely what the government advocated at oral argument: clear error is the standard of review for factual findings, but where an appellate court has clear video evidence, the court should "view[] the facts in the light depicted by the video[,]" without deferring to the district court's characterization of the same video. *Id.* at 381. This is not a case where the district court exclusively received testimony about a police encounter and chose between two narratives based on credibility. Instead, it is a case where the full interaction was captured on video such that this Court need not be constrained by the district court's characterization of events that the Court can see for itself.

For the reasons discussed in the government's briefs and during the oral argument, this Court should vacate the district court's decision.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amanda Shami
Amy Busa
Assistant U.S. Attorneys